■ GLORIA ZAMBRANA et al., Respondents, v MARIE A. G. MEMNON et al., Appellants.—In an action to recover damages for medical malpractice, etc., the defendants appeal from an order of the Supreme Court, Kings County (Pizzuto, J.), dated June 28, 1990, which granted the plaintiffs' motion, *inter alia,* to vacate an oral stipulation of settlement of the action.

Ordered that the order is affirmed, with one bill of costs.

On May 24, 1989, pursuant to a pre-trial settlement conference initiated by the court, this action was purportedly settled for $200,000, the defendant Marie Memnon agreeing to pay to the plaintiffs $50,000 and the remaining defendants to pay them $150,000.

The only record of the settlement was a notation made by the court in its personal file which read "SBT ($200,000) Disposed"; "SBT" apparently meaning "settled before trial."

By notice of motion dated May 17, 1990, the plaintiffs moved to vacate the settlement and to restore the matter to

the trial calendar. The court granted the motion, finding that pursuant to CPLR 2104 the oral stipulation was unenforceable.

On appeal the defendants contend that the court erred. We disagree.

"Although stipulations of settlement are favored by the courts (see *Matter of Galasso,* 35 NY2d 319), an oral stipulation will not be enforced unless its terms are definite, and it is made in 'open court' (CPLR 2104; see *Matter of Dolgin Eldert Corp.,* 31 NY2d 1)" *(Collazo v New York City Health & Hosps. Corp.,* 103 AD2d 789, 790). In the instant case, the notation made by the court did not constitute a sufficient or adequate memorialization of the terms of the settlement to satisfy the "open court" requirement of CPLR 2104. Accordingly, the court properly granted the plaintiffs' motion to vacate. Thompson, J. P., Bracken, Sullivan and Eiber, JJ., concur.