■ MARINE MIDLAND BANK, N. A., Respondent, v RAMLEH ENTERPRISES, INC., Appellants, et al., Defendants. [608 NYS2d 525] —In an action to foreclose a mortgage, the defendants Ramleh Enterprises, Inc., Jad M. Barghout, and E. Lynn Barghout appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), entered November 27, 1991, as granted that branch of the plaintiff's motion which was for summary judgment and denied their cross motion, *inter alia,* to enforce a purported settlement agreement.

Ordered that the order is affirmed insofar as appealed from, with costs.

This foreclosure action arises from the appellants' default on a real estate acquisition and development loan given by the plaintiff. During a pre-trial settlement conference before the

court, this action was purportedly settled for $2,600,000, with the appellants agreeing to pay the plaintiff within 90 days from execution of a written stipulation. However, there was no record made of the purported settlement. After the settlement conference, the appellants failed to respond to a motion to dismiss their affirmative defenses and counterclaims, and the court granted that relief.

Contrary to the appellants' contention, there is insufficient evidence that a final settlement agreement was ever reached in open court (see, CPLR 2104; *Matter of Dolgin Eldert Corp.,* 31 NY2d 1). At the very least, an oral agreement made in open court "must be entered in the minute book of such a proceeding" *(Kalomiris v County of Nassau,* 121 AD2d 367, 368). Here, there is a dispute that full agreement had been reached and no entry reflecting a settlement was made in the minute book; therefore, it was proper for the Supreme Court to deny the appellants' cross motion for enforcement *(see, Matter of Dolgin Eldert Corp.,* 31 NY2d 1, 10-11, *supra; see also, Zambrana v Memnon,* 181 AD2d 730).

There is no merit to the appellants' remaining contentions. Sullivan, J. P., Joy, Friedmann and Goldstein, JJ., concur.