■ LAURENCE LOSCALZO, Appellant, v PALMERINO A. LUPINACCI et al., Respondents. [650 NYS2d 967] —In an action to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated September 25, 1995, as granted the defendants' motion to vacate their default in answering the complaint.

Ordered that the order is affirmed, with costs.

The defendants proffered a reasonable excuse for their default in interposing an answer and a meritorious defense *(see, Fennell v Mason,* 204 AD2d 599; *Putney v Pearlman,* 203 AD2d 333). Bracken, J. P., Copertino, Joy, Florio and McGinity, JJ., concur.

■ JAMES M. MARGOLIS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [650 NYS2d 30] —In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County, dated September 19, 1995, which granted the plaintiff's *pro se* motion to vacate a stipulation of settlement and restore the action to the trial calendar.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contentions, the court did not err in granting the plaintiff's motion to set aside the alleged settlement negotiated on his behalf by his attorney. The negotiations were not transcribed and the stipulation was never spread upon the record in open court *(see, Matter of Dolgin Eldert Corp.,* 31 NY2d 1; *Marine Midland Bank v Ramleh Enters.,* 202 AD2d 403; *Kushner v Mollin,* 144 AD2d 649). Therefore, to be effective the stipulation was required to have been signed by the parties *(see,* CPLR 2104). The plaintiff refused to sign a release in accordance with the negotiated terms. Accordingly, the court properly determined that the purported agreement "did not amount to a valid stipulation" *(Klein v Mount Sinai Hosp.,* 61 NY2d 865, 866) and did not preclude the plaintiff from seeking to restore the matter to the trial calendar *(see, Rivera v Triple M Roofing Corp.,* 116 AD2d 561). Miller, J. P., Ritter, Sullivan, Friedmann and Krausman, JJ., concur.