■ DIANA JOHNSON, Appellant, v FOUR G's TRUCK RENTAL et al., Respondents, et al., Defendants. [663 NYS2d 889] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated August 9, 1996, which denied her motion to reinstate the action to the trial calendar.

Ordered that the order is reversed, with costs payable by the respondent Four G's Truck Rental, the motion is granted, and the matter is remitted to the Supreme Court, Kings County, for restoration to the trial calendar.

Contrary to the contentions of the respondent Four G's Truck Rental, the alleged settlement of this matter reached during a pretrial conference is not enforceable since it was never reduced to a writing and signed by the parties, nor made in open court (*see*, CPLR 2104; *Margolis v New York City Tr. Auth.*, 233 AD2d 483; *Phillips v Pamper Decorating Serv.*, 228 AD2d 425; *Venuti v Booth Mem. Med. Ctr.*, 204 AD2d 715). Moreover, the notation allegedly appearing on the Trial Judge's trial calendar, "SBT 15,000", does not constitute a sufficient memorialization of the terms of the alleged settlement so as to satisfy the open-court requirement of CPLR 2104 (*Zambrana v Memnon*, 181 AD2d 730, 731).

Inasmuch as there is no proof in the record that an enforceable settlement was ever reached, the court improvidently exercised its discretion in denying the plaintiff's motion to restore the case to the trial calendar (*see, Margolis v New York City Tr. Auth., supra; Phillips v Pamper Decorating Serv., supra; Venuti v Booth Mem. Med. Ctr., supra; Rivera v Triple M. Roofing Corp.*, 116 AD2d 561).

We have reviewed the remaining contentions of the respondent Four G's Truck Rental and find them to be without merit. Miller, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.