■ SUSANNE AVALTRONI, Respondent, v NORMAN GANCER, Appellant, et al., Defendants. [688 NYS2d 650] —On the Court's own motion, it is

Ordered that its unpublished decision and order dated April 12, 1999, in the above-entitled case, is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for personal injuries, the defendant Norman Gancer appeals from (1) a judgment of the Supreme Court, Kings County (I. Aronin, J.), dated May 1, 1998, which, upon a purported stipulation of settlement, is in favor of the plaintiff and against him in the principal sum of $65,000, and (2) an order of the same court, dated August 17, 1998, which denied his motion to set aside the purported stipulation of settlement and to restore the action to the trial calendar.

Ordered that the order is reversed, on the law, the motion is granted, the judgment and the purported stipulation of settlement are vacated, and the action is restored to the trial calendar; and it is further,

Ordered that the appeal from the judgment is dismissed as academic in light of our determination of the appeal from the order; and it is further,

Ordered that the appellant is awarded one bill of costs.

Contrary to the Supreme Court's conclusion, the alleged settlement in this action is not enforceable since it was never reduced to a writing and signed by the parties, and it was not made in open court. The notation "SBT" appearing on the court's trial calendar, which purportedly means "settled before trial", does not constitute a sufficient memorialization of the terms of the alleged settlement so as to satisfy the open court requirement (*see*, CPLR 2104; *Lamuraglia v New York City Tr. Auth.*, 255 AD2d 365; *Johnson v Four G's Truck Rental*, 244 AD2d 319; *Zambrana v Memnon*, 181 AD2d 730). Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.