■ Krzystof Kowalski, Respondent, v Fisher 40th and 3rd Company, Defendant and Third-Party Plaintiff-Respondent. Neuberger & Berman et al., Third-Party Defendants; UNESCO, Inc., Third-Party Defendant-Appellant. [698 NYS2d 716] —In an action to recover damages for personal injuries, the third-party defendant UNESCO, Inc., appeals from (1) an order of the Supreme Court, Kings County (Spodek, J.), dated May 26, 1998, which granted the plaintiff's motion to estop it from denying the existence of a stipulation adding the amount of its Workers' Compensation Law lien to the damages awarded by the jury, and (2) a judgment of the same court, dated September 17, 1998, which, upon, *inter alia,* a jury verdict, is, among other things, in favor of the defendant third-party plaintiff and against it in the principal sum of $48,110.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, with costs, the order is vacated, the motion is denied, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment in accordance herewith.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff brought this action to recover damages for injuries he sustained when he fell off a ladder while working for the appellant, the third-party defendant UNESCO, Inc. (hereinafter UNESCO). At trial, the Supreme Court granted the plaintiff's motion pursuant to CPLR 4401 for judgment in his favor as a matter of law on the complaint. The Supreme Court also granted the motion of the defendant third-party plaintiff pursuant to CPLR 4401 for judgment as a matter of law on the third-party complaint. The jury awarded the plaintiff damages in the sum of $30,000. After the verdict, and based on a purported stipulation of the parties, the Supreme Court stated that it would add to the damages awarded by the jury the amount of the Workers' Compensation Law lien of UNESCO (see, Workers' Compensation Law § 29 [1]). UNESCO objected, stating that it had never stipulated to adding its lien to the jury award, which would, in effect, waive its lien. The plaintiff then moved to estop UNESCO from denying the existence of the stipulation. The Supreme Court granted the motion, and entered a judgment in favor of the plaintiff and against the defendant third-party plaintiff in the principal sum of $48,110, and in favor of the defendant third-party plaintiff and against UNESCO in that sum. We reverse.

To be enforceable, a stipulation must be entered into in open court or reduced to a writing, signed by the parties or counsel (see, CPLR 2104; Margolis v New York City Tr. Auth., 233 AD2d 483). There is no evidence in the record of any written stipulation or stipulation in open court (see, Shenoy v Buffalo Med. Group, 213 AD2d 1012). Further, there is nothing in the record to suggest that the plaintiff relied on the alleged stipulation (cf., La Marque v North Shore Univ. Hosp., 120 AD2d 572). Consequently, the Supreme Court erred in concluding that UNESCO was estopped from denying the existence of the stipulation and in adding the amount of the Workers' Compensation Law lien of UNESCO to the verdict.

The remaining contentions of UNESCO are unpreserved for appellate review or without merit. S. Miller, J. P., Sullivan, Altman and McGinity, JJ., concur.