■ Henry Gustaf, III, Appellant, v Lewis Fink et al., Respondents. [728 NYS2d 751] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Dutchess County (Hillery, J.), dated September 29, 2000, and (2) an amended order of the same court, dated December 20, 2000, as denied his motion to restore the action to the trial calendar and granted that branch of the cross motion of the defendant Lewis Fink, in which the defendant Alfred M. Watson, Jr., joined, which was to enforce a purported settlement of the action.

Ordered that the appeal from the order dated September 29, 2000, is dismissed, without costs or disbursements, as that order was superseded by the order dated December 20, 2000; and it is further,

Ordered that the order dated December 20, 2000, is reversed insofar as appealed from, on the law, the order dated September 29, 2000, is vacated, the motion is granted, that branch of the cross motion which was to enforce a purported settlement of the action is denied, the action is restored to the trial calendar, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings in accordance herewith; and it is further,

Ordered that the appellant is awarded one bill of costs.

Contrary to the defendants' contentions, the purported settlement of this action during a pretrial conference is not enforceable since it was not, *inter alia,* made in "open court" (CPLR 2104). The notations made by the trial Judge on the court file, even when considered in conjunction with the subsequent computer entries made by the office of the clerk of the Supreme Court pursuant to some later notification to that office by the Judge, do not constitute a sufficient memorialization of the terms of the alleged settlement in the Supreme Court's official records to satisfy the open court requirement as set forth in CPLR 2104 (*see, Matter of Dolgin Eldert Corp.,* 31 NY2d 1; *Avaltroni v Gancer,* 260 AD2d 590; *Johnson v Four G's Truck Rental,* 244 AD2d 319; *Phillips v Pamper Decorating Serv.,* 228 AD2d 425; *Zambrana v Memnon,* 181 AD2d 730; *Graffeo v Brenes,* 85 AD2d 656; *cf., Popovic v New York City Health & Hosps. Corp.,* 180 AD2d 493; *Deal v Meenan Oil Co.,* 153 AD2d 665).

The defendant Alfred M. Watson, Jr., correctly contends that the denial of that branch of the cross motion which was to compel further discovery is no longer academic. Accordingly, the matter is remitted to the Supreme Court, Dutchess County, to decide that branch of the cross motion.

The remaining contention of the defendant Lewis Fink is without merit. Bracken, P. J., Friedmann, Florio and Feuerstein, JJ., concur.