■ ANTHONY J. FALCONE, Respondent, v RUPINDER S. KHURANA, Appellant. [742 NYS2d 871] —In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Queens County (LeVine, J.), dated May 10, 2001, which denied his motion for summary judgment dismissing the complaint, and granted that branch of the plaintiff's cross motion which was to direct the entry of a judgment in his favor in the principal sum of $17,500, and (2) a judgment of the same court, entered June 29, 2001, which is in favor of the plaintiff and against him in the principal sum of $17,500.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, so much of the order dated May 10, 2001, as granted that branch of the cross motion which was to

direct the entry of a judgment in favor of the plaintiffs in the principal sum of $17,500 is vacated, and that branch of the cross motion is denied.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The Supreme Court improperly granted that branch of the plaintiff's cross motion which was to direct the entry of a judgment in the principal sum of $17,500 based on a purported settlement agreement between the parties. CPLR 2104 provides that "[a]n agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him [or her] or his [or her] attorney or reduced to the form of an order and entered." In the instant case, the entries allegedly appearing in the Supreme Court's records do not constitute a sufficient memorialization of the terms of the alleged settlement to satisfy the open court requirement of CPLR 2104 (see Johnson v Four G's Truck Rental, 244 AD2d 319; Avaltroni v Gancer, 260 AD2d 590; Gustaf v Fink, 285 AD2d 625, 626; Zambrana v Memnon, 181 AD2d 730, 731).

The defendant's motion for summary judgment dismissing the complaint, however, was properly denied as untimely since it was made two years after the note of issue was filed, and the defendant failed to demonstrate "good cause" for the delay in making the motion (CPLR 3212 [a]; see Gonzalez v 98 Mag Leasing Corp., 95 NY2d 124, 129; Gomez v Kukaj, 290 AD2d 531, 532; Tavkar v Cab, 289 AD2d 221, 222; Torres v Westchester Dental Servs., 287 AD2d 710). Florio, J.P., Friedmann, H. Miller and Townes, JJ., concur.