■ TANYA BONNETTE, Respondent, v LONG ISLAND COLLEGE HOSPITAL et al., Appellants, et al., Defendants. [762 NYS2d 910] —In an action to recover damages for medical malpractice, the defendants Long Island College Hospital and Richard Thomas Bergeron appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Clemente, J.), dated June 4, 2001, as granted the plaintiffs' motion to enforce a purported settlement in the principal sum of $3,000,000. Justice Rivera has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.10 [c]).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is denied.

Although the parties agreed in principle to settle this action, the terms of that settlement were not made definite and complete in open court, nor was there a definite agreement in writing enforceable pursuant to CPLR 2104 (*see Kleinberg v Ambassador Assoc.,* 64 NY2d 733 [1984]; *Falcone v Khurana,*

294 AD2d 535 [2002]; *ITS Funding v A & M Constr. of Orange County,* 293 AD2d 653 [2002]; *Kowalski v Fisher 40th & 3rd Co.,* 266 AD2d 514 [1999]; *Johnson v Four G's Truck Rental,* 244 AD2d 319 [1997]). "Absent the formalities required by statute, the alleged stipulation of settlement is not enforceable" (*Matter of Hicks v Schoetz,* 261 AD2d 944 [1999]). Moreover, the sudden death of the plaintiff's decedent *before* a structured settlement was finalized and reduced to a signed writing altered the status quo and impacted upon the future damages payable under the proposed structured settlement. The appellants were thus within their rights to withhold final consent to the settlement before their contractual obligations became fixed (*see Margolis v New York City Tr. Auth.,* 233 AD2d 483 [1996]).

The case of *Van Ness v Rite-Aid of N.Y.* (129 AD2d 931 [1987]), relied upon by the dissent, is distinguishable. Unlike the instant case, in *Van Ness* the parties clearly had reached a final and definite agreement.

The plaintiff's remaining contentions are without merit. Feuerstein, J.P., Smith and Rivera, JJ., concur.

Goldstein, J., dissents and votes to affirm the order insofar as appealed from, with the following memorandum: At issue here is whether the appellant Long Island College Hospital (hereinafter LICH) may be compelled by court order to comply with a stipulation of settlement which was withdrawn by the appellants after the infant plaintiff died before the terms of the settlement could be approved by the Supreme Court pursuant to an infant compromise order. I conclude that there were sufficient written memorializations of the terms of the settlement to render it enforceable.

The facts herein are not in dispute. This action to recover damages for medical malpractice was commenced by the mother on behalf of the infant plaintiff on June 27, 1996. It was alleged that the appellants committed medical malpractice in failing to diagnose and treat the infant's brain tumor over a period of more than six years. On November 26, 1997, after the completion of discovery, the action was certified ready for trial and placed on the trial calendar.

On December 14, 1998, shortly before the scheduled trial, the appellants' attorney orally agreed to settle the claims against them for $3,000,000 payable by the appellant Long Island College Hospital (hereinafter LICH). The appellants designated the Pension Company to arrange a structured annuity contract for payment of the settlement. At a meeting between the plaintiff's attorney, the appellants' attorney, and the

president of the Pension Company, the appellants' attorney stated that LICH would pay $3,000,000 in full settlement of the claims.

Thereafter, the Pension Company sent the plaintiff's attorney several structured settlement proposals for review. After the plaintiff approved one of the proposals, the appellants' attorney, by letter dated February 29, 2000, sent the plaintiff's attorney a general release and stipulations discontinuing the action against both appellants, stating "enclosed are copies of closing documents required to effectuate the settlement." On March 7, 2000, LICH funded the settlement by paying the cost of the structured settlement to the Pension Company. The terms of the settlement made provision for the infant's premature death, should that unfortunate eventuality occur.

Stipulations of discontinuance with respect to each appellant were fully executed by the plaintiff's attorney and the appellants' attorney. At the demand of the appellants' attorney, the plaintiff's attorney and the appellants' attorney executed a stipulation of waiver of CPLR 5003-a, stating that "this settlement does not constitute an admission of liability" and stating the plaintiff held the appellants harmless against liens "asserted against the settlement proceeds."

However, payment of the settlement required an infant compromise order from the Supreme Court. While awaiting that order, the appellants' attorney, by letter dated July 5, 2000, asked for return of the signed stipulation of discontinuance on behalf of the appellant Richard Thomas Bergeron, who, under the terms of settlement, was not required to fund it. On or about July 11, 2000, the plaintiff's attorney forwarded a signed stipulation of discontinuance with respect to Bergeron to the appellants' attorney, which was "so-ordered" by the Supreme Court on August 8, 2000, and filed by the appellants with the County Clerk on August 10, 2000.

On July 25, 2000, the infant suffered a seizure and died. Thereafter, by letter dated December 11, 2000, the appellants' attorneys notified the plaintiff's attorney that "the insurance carriers involved in the above-captioned matter have determined that, pursuant to CPLR 2104, the alleged settlement in the above-captioned matter has not been appropriately entered into and consequently the carriers take the position that there has been no settlement of this matter."

The plaintiff moved in the Supreme Court to enforce the settlement "in the sum of $3,000,000, and directing payment thereof." The appellants, in opposition, did not dispute the terms of the settlement. Rather, the appellants contended that

the settlement was not binding on the ground that there had been no compliance with CPLR 2104. In the order appealed from, the Supreme Court, inter alia, granted that relief and directed payment of the $3,000,000 within 21 days after service upon the appellants of an infant compromise order, general release, stipulation of discontinuance, and hold-harmless agreement. An infant compromise order was subsequently entered on September 6, 2001.

CPLR 2104, relied upon by the appellants, provides: "An agreement between parties or their attorney relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in writing subscribed by him or his attorney or reduced to the form of an order and entered."

"The parties' failure to rigidly adhere to the technical requirements of CPLR 2104" does not prevent a court from enforcing the terms of a stipulation under all circumstances (*Buckingham Mfg. Co. v Frank J. Koch, Inc.,* 194 AD2d 886, 888 [1993]; *see Lowe v Steinman,* 284 AD2d 506 [2001]), where, as here, there is no dispute between the parties as to the terms of the agreement (*see Smith v Lefrak Org.,* 142 AD2d 725 [1988]). *Matter of Hicks v Schoetz* (261 AD2d 944 [1999]), relied upon by the majority, is clearly distinguishable, since in that case the Court specifically noted that "there is nothing to indicate an agreement by petitioner or his attorney to specific terms of settlement."

"[W]here an oral stipulation or representation has been acted upon, the party making it is not permitted to retract and take advantage of acts or omissions of his adversary thereby induced" (*People v Stephens,* 52 NY 306, 310 [1873]). Where, as here, there has been part performance unequivocally referable to the agreement, the agreement is enforceable (*see Kolodziej v Kolodziej,* 54 AD2d 228, 230 [1976]). In a case directly on point on its facts, the Appellate Division, Third Department, held that the defendant's execution and filing of stipulation of discontinuance while the defendant was undeniably aware of the precise amount of the settlement constituted a valid settlement which "substantially complied" with CPLR 2104 (*Van Ness v Rite-Aid of N.Y.,* 129 AD2d 931, 932 [1987]).

In this case, the action was removed from the trial calendar. The parties had in fact agreed upon a "definite and complete" settlement (*Kleinberg v Ambassador Assoc.,* 64 NY2d 733 [1984]) which was funded by LICH. Stipulations of discontinuance and waiver of rights pursuant to CPLR 5003-a were executed and the stipulation discontinuing the action against

Bergeron was so-ordered by the Supreme Court and filed with the County Clerk. The appellants were "waiting for the Compromise Order" which was the final step before consummation of the settlement. In view of the foregoing, the Supreme Court's enforcement of the stipulation was proper.