■ Edwin Zenteno, Respondent, v William Geils et al., Appellants. [793 NYS2d 112]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Nicolai, J.), entered April 21, 2004, which granted the plaintiff's motion to restore the action to the trial calendar and for leave to serve a supplemental bill of particulars.

Ordered that the order is affirmed, with costs.

In March 2002 the parties agreed to remove this action from the trial calendar and to proceed to arbitration. After further medical evaluations of the plaintiff's right ankle and foot re-

vealed that arthroscopic surgery was required, the plaintiff chose not to arbitrate. In March 2004 the plaintiff moved to restore the action to the trial calendar and for leave to serve a supplemental bill of particulars. The record demonstrates that the plaintiff has a meritorious cause of action and that he never intended to abandon this action (see Nunez v Resource Warehousing & Consolidation, 6 AD3d 325 [2004]; Basetti v Nour, 287 AD2d 126, 130 [2001]; Lopez v Imperial Delivery Serv., 282 AD2d 190, 194 [2001]). Furthermore, the plaintiff demonstrated a reasonable excuse for his delay in moving to restore the action to the calendar by establishing that he was undergoing extensive medical evaluations during the period prior to making the motion and had difficulties in obtaining authorization from the Workers' Compensation Board of the State of New York to undergo those evaluations (see Lebron v New York City Hous. Auth., 257 AD2d 541 [1999]; Felder v New York City Tr. Auth., 238 AD2d 543 [1997]). Moreover, the defendants are not prejudiced by restoration of the action to the trial calendar, given that most of the discovery in this action has been completed, and the defendants are entitled to exercise any and all rights of discovery with respect to the plaintiff's continuing disabilities (see CPLR 3043 [b]; Peterson v City of New York, 286 AD2d 287 [2001]; Felder v New York City Tr. Auth., supra; Medical Facilities v Pryke, 172 AD2d 338 [1991]).

Contrary to the defendants' contention, the purported agreement to proceed to arbitration made during the pretrial conference is not enforceable, since the defendants failed to show that the agreement complied with the "open court" requirements of CPLR 2104 (see Matter of Dolgin Eldert Corp., 31 NY2d 1 [1972]; Bonnette v Long Is. Coll. Hosp., 307 AD2d 902 [2003], affd 3 NY3d 281 [2004]; Falcone v Khurana, 294 AD2d 535 [2002]; Gustaf v Fink, 285 AD2d 625 [2001]; Avaltroni v Gancer, 260 AD2d 590 [1999]; see also 22 NYCRR 202.26 [f]).

Finally, the Supreme Court providently exercised its discretion in granting that branch of the motion which was for leave to serve a supplemental bill of particulars, since leave of court was not required where, as here, the plaintiff sought to allege only continuing consequences of the injuries suffered and described in the original bill of particulars, rather than new and unrelated injuries as contended by the defendants (see CPLR 3043 [b]; Tate v Colabello, 58 NY2d 84, 87 [1983]; Ray v Alpha Omega Dev. Co., 287 AD2d 446 [2001]; Villalona v Bronx-Lebanon Hosp. Ctr., 261 AD2d 185 [1999]; Pauling v Glickman, 232 AD2d 465 [1996]). Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.