SECOND DEPARTMENT, JULY, 2006

(July 5, 2006)

▊ DARELLE ANDRE-LONG, Appellant, et al., Plaintiff, v VERIZON CORP. et al., Respondents. [819 NYS2d 56]—

In an action to recover damages for personal injuries, etc., the plaintiff Darelle Andre-Long appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated July 20, 2005, as denied those branches of her motion which were to vacate a purported settlement of the action, to restore the action to the trial calendar, and for leave to serve an amended bill of particulars.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and those branches of the motion which were to vacate the purported settlement, to restore the action to the trial calendar, and for leave to amend the bill of particulars are granted.

The purported settlement of this action between the parties during a trial conference is not enforceable since it was never reduced to writing and signed by the parties, nor made in "open court" (CPLR 2104). The notation allegedly appearing on the trial judge's court calendar that this case was "settled" does not constitute a sufficient memorialization of the terms of the alleged settlement so as to satisfy the open-court requirement of CPLR 2104 (*see Falcone v Khurana,* 294 AD2d 535 [2002]; *Gustaf v Fink,* 285 AD2d 625 [2001]; *Johnson v Four G's Truck Rental,* 244 AD2d 319 [1997]; *Zambrana v Memnon,* 181 AD2d 730 [1992]).

Since there is no proof in the record that an enforceable settlement was ever reached, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was to restore the action to the trial calendar (*see Johnson v Four G's Truck Rental, supra; Margolis v New York City Tr. Auth.,* 233 AD2d 483 [1996]).

Furthermore, that branch of the appellant's motion which was for leave to serve an amended bill of particulars alleging new injuries should have been granted. Leave to amend a bill of particulars is ordinarily freely given in the absence of prejudice

or surprise resulting directly from the delay (*see* CPLR 3025 [b]; *McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.,* 59 NY2d 755 [1983]; *Jones v Lynch,* 298 AD2d 499 [2002]). The appellant, who sought to amend her bill of particulars 10 months after she discharged her former attorneys for cause and obtained new counsel, established a reasonable excuse for the delay (*see Huntington v Trotta Auto Wreckers,* 257 AD2d 647 [1999]; *cf. Fuentes v City of New York,* 3 AD3d 549 [2004]), and the physician's affidavit demonstrated that the appellant's subsequently occurring epileptic seizures were causally related to the subject accident (*cf. Itzkowitz v King Kullen Grocery Co., Inc.,* 22 AD3d 636 [2005]; *Arguinzoni v Parkway Hosp.,* 14 AD3d 633 [2005]; *Smith v Plaza Transp. Ambulance Serv.,* 243 AD2d 555 [1997]). However, to prevent substantial prejudice to the defendants, they should be afforded an opportunity to conduct further discovery to adequately prepare for trial (*see* 22 NYCRR 202.21 [d]; *Vargas v City of New York,* 4 AD3d 524 [2004]; *Risucci v Homayoon,* 122 AD2d 260 [1986]). Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.