■ PETER S. CHAN et al., Respondents, v JOHN BARRY et al., Appellants. [827 NYS2d 295]—

In an action to foreclose a mortgage, the defendants appeal from a judgment of the Supreme Court, Rockland County (Resnik, J.), dated December 6, 2005, as amended by a supplemental judgment dated December 16, 2005, which, upon the granting of the plaintiffs' motions for leave to enter the judgment and the supplemental judgment based upon a stipulation of the parties entered into in open court, is in favor of the plaintiffs and against them in the total sum of $323,848.

Ordered that the judgment, as amended by the supplemental judgment, is affirmed, with costs.

"[A]n open-court stipulation is an independent contract between the parties . . . and will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability" (*Jablonski v Jablonski*, 275 AD2d 692, 693 [2000] [citation omitted]; *see McWade v McWade*, 253 AD2d 798, 799 [1998]). Such stipulations are governed by general contract principles (*see Argento v Argento*, 304 AD2d 684, 684-685 [2003]).

At bar, the plaintiffs were entitled to the enforcement of what was a valid stipulation entered into by the parties in open court on May 19, 2004 (hereinafter the stipulation), to settle this ac-

tion to foreclose a mortgage. Pursuant to the stipulation, the defendants were required to pay to the plaintiffs the full amount agreed to under the stipulation no later than May 19, 2005. In support of their motion, the plaintiffs proffered proof of nonpayment and that the requisite notice of default under the stipulation was sent. In opposition, the defendants proffered no evidence whatsoever that they tendered payment to cure their default under the stipulation. Accordingly, the Supreme Court properly, upon the granting of the plaintiffs' motions, entered the judgment and the supplemental judgment based upon the stipulation in their favor.

The defendants' remaining contentions are without merit. Miller, J.P., Crane, Lifson and Dillon, JJ., concur.