■ VINCENT DEVITA et al., Respondents, v MACY's EAST, INC., et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. KNOLLER COMPANIES, INC., et al., Third-Party Defendants-Respondents-Appellants. (Action No. 1.) VINCENT DEVITA et al., Respondents, v KNOLLER COMPANIES, INC., et al., Appellants. (Action No. 2.) [828 NYS2d 531]—

In two related actions to recover damages for personal injuries, etc., Macy's East, Inc., and Gilman Construction, Inc., appeal, Knoller Companies, Inc., separately appeals, and Hutton Electrical Contracting Corp. also separately appeals, as limited by their respective briefs, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated December 6, 2005, as denied their respective motions to enforce a purported settlement agreement as to each of them.

Ordered that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

To be enforceable, stipulations of settlement must conform to the requirements of CPLR 2104 (*see Matter of Dolgin Eldert Corp.*, 31 NY2d 1, 8 [1972]; *Graffeo v Brenes*, 85 AD2d 656, 657 [1981]). The plain language of CPLR 2104 requires that such an agreement be in writing and signed by the parties (or attorneys of the parties) to be bound by it (*see Bonnette v Long Is. Coll. Hosp.*, 3 NY3d 281 [2004]). Contrary to the appellants' contention, a confirmatory e-mail sent to the plaintiffs' former attorney by counsel to the insurer of one of the defendants, either alone or in conjunction with an e-mail sent by the plaintiffs' former counsel in response, did not constitute a writing sufficient to bring the purported settlement into the scope of CPLR 2104 (*cf. Page v Muze, Inc.*, 270 AD2d 401 [2000]; *Rosenfeld v Zerneck*, 4 Misc 3d 193 [2004]). In addition, the purported settlement was not enforceable under the "open court exception" provided for in CPLR 2104 (*Matter of Dolgin Eldert Corp., supra* at 9; *see Falcone v Khurana*, 294 AD2d 535 [2002]; *Gustaf v*

*Fink*, 285 AD2d 625, 626 [2001]; *Avaltroni v Gancer*, 260 AD2d 590 [1999]; *see also* 22 NYCRR 202.26 [f]).

Accordingly, the Supreme Court properly denied the motion of Macy's East, Inc., and Gilman Construction, Inc., and the separate motions of Knoller Companies, Inc., and Hutton Electrical Contracting Corp., to enforce the purported settlement agreement.

The remaining contention has been rendered academic in light of our determination. Schmidt, J.P., Skelos, Fisher and Dillon, JJ., concur.