■ FRANK MALDONADO, Respondent, v NOVARTIS PHARMACEUTICALS CORPORATION, Defendant and Third-Party Plaintiff-Appellant. AMERICAN BUILDING MAINTENANCE CO. OF NEW YORK, Third-Party Defendant-Appellant. [836 NYS2d 663]—

In an action to recover damages for personal injuries, the defendant and third-party plaintiff appeals, and the third-party defendant separately appeals, from an order of the Supreme Court, Rockland County (Garvey, J.), dated June 13, 2006, which denied their joint motion to enforce an alleged stipulation of settlement between them and the plaintiff.

Ordered that the order is affirmed, with costs.

Contrary to the appellants' contentions, the alleged oral stipulation negotiated by the parties in the presence of a court-appointed mediator did not constitute an enforceable agreement under CPLR 2104, since the terms of the purported settlement were not spread upon the record in open court (*see Kleinberg v Ambassador Assoc.*, 64 NY2d 733 [1984]; *Matter of Dolgin Eldert Corp.*, 31 NY2d 1 [1972]; *DeVita v Macy's E., Inc.*, 36 AD3d 751 [2007]; *Margolis v New York City Tr. Auth.*, 233 AD2d 483 [1996]). Moreover, the preparation and filing of an unsigned "Disposition Form," which recited only that the matter had been settled for the sum of $250,000 and set forth no additional terms of the purported agreement, did not constitute a sufficient memorialization of the terms of the alleged settlement to satisfy the open court requirement of the statute (*see Andre-Long v Verizon Corp.*, 31 AD3d 353 [2006]; *Falcone v Khurana*, 294 AD2d 535 [2002]; *Gustaf v Fink*, 285 AD2d 625 [2001]; *Avaltroni v Gancer*, 260 AD2d 590 [1999]; *Johnson v Four G's Truck Rental*, 244 AD2d 319 [1997]; *Phillips v Pamper Decorating Serv.*, 228 AD2d 425 [1996]; *Zambrana v Memnon*, 181 AD2d 730 [1992]). Accordingly, the Supreme Court properly denied the motion to enforce the purported stipulation of settlement. Miller, J.P., Angiolillo, Carni and Dickerson, JJ., concur.