Guzman-Martinez v Rosado (2025 NY Slip Op 01483)

Guzman-Martinez v Rosado

2025 NY Slip Op 01483

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., SMITH, GREENWOOD, DELCONTE, AND HANNAH, JJ.

126 CA 24-00382

[*1]MARIA GUZMAN-MARTINEZ, PLAINTIFF-RESPONDENT,
v
LOUIS ROSADO, DEFENDANT-APPELLANT. 

TIMOTHY R. LOVALLO, BUFFALO, FOR DEFENDANT-APPELLANT. 
ANDREWS, BERNSTEIN & MARANTO, PLLC, BUFFALO (THOMAS P. KOTRYS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (John B. Licata, J.), entered February 23, 2023. The order, inter alia, denied the motion of defendant to dismiss the complaint, granted the cross-motion of plaintiff to enforce a purported settlement agreement and awarded plaintiff costs. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the cross-motion, vacating the award of costs to plaintiff, and granting the motion in part and dismissing the second cause of action, and as modified the order is affirmed without costs.
Memorandum: In this legal malpractice action, plaintiff seeks damages for the alleged negligence of defendant with respect to his representation of plaintiff in connection with a personal injury action stemming from an incident where she fell inside a Niagara Frontier Transit Authority bus. Plaintiff alleges, inter alia, that defendant negligently informed her about the duration of the statute of limitations applicable to her personal injury claim and that he, concomitantly, failed to diligently and skillfully prosecute and protect her rights arising out of the accident. Defendant moved, inter alia, to dismiss the complaint for, in effect, failure to state a cause of action (see CPLR 3211 [a] [7]), and plaintiff cross-moved to enforce the parties' purported stipulation in open court settling the action (see CPLR 2104). Defendant appeals from an order that, inter alia, denied the motion, granted the cross-motion, and awarded plaintiff costs.
Initially, we agree with defendant that Supreme Court erred in granting the cross-motion to enforce the purported settlement agreement and we modify the order accordingly. It is well settled that " '[a]n oral stipulation of settlement that is made in open court and stenographically recorded is enforceable as a contract and is governed by general contract principles for its interpretation and effect' " (Gay v Gay, 118 AD3d 1331, 1332 [4th Dept 2014], lv dismissed 25 NY3d 1015 [2015] [emphasis added]; see generally CPLR 2104). Here, however, in support of her cross-motion, plaintiff failed to attach any transcripts or other evidence substantiating the purported settlement agreement. Indeed, we conclude that "[t]he record provides no basis for concluding that an enforceable stipulation was entered into between the parties" inasmuch as "[p]ertinent discussions took place off the record" (Matter of Hicks v Schoetz, 261 AD2d 944, 944 [4th Dept 1999]). Plaintiff also failed to establish that the terms of the settlement agreement were ever filed with the county clerk (see CPLR 2104; Velazquez v St. Barnabas Hosp., 13 NY3d 894, 895 [2009]; cf. Harrison v NYU Downtown Hosp., 117 AD3d 479, 479 [1st Dept 2014]).
Even if plaintiff had submitted written evidence of the parties' purported stipulation of settlement, we conclude that said stipulation was not entered in "open court" inasmuch as there is no dispute that the alleged settlement was reached during a pretrial conference with the court's law clerk (see Diarassouba v Urban, 71 AD3d 51, 55 [2d Dept 2009], lv dismissed 15 NY3d 741 [2010]; see generally Matter of Dolgin Eldert Corp., 31 NY2d 1, 4-5 [1972]). Indeed, the "open court requirement . . . is not satisfied in locations without a Justice presiding . . . , and it is not [*2]satisfied during less formal stages of litigation, such as a pretrial conference" (Diarassouba, 71 AD3d at 55 [emphasis added]; see Andre-Long v Verizon Corp., 31 AD3d 353, 354 [2d Dept 2006]; Johnson v Four G's Truck Rental, 244 AD2d 319, 319 [2d Dept 1997]). As a consequence of our conclusion that the court erred in granting the cross-motion, we vacate that part of the order awarding plaintiff costs inasmuch as she is no longer a prevailing party (see Emerald Enters. of Rochester v Chili Plaza Assoc., 237 AD2d 912, 913 [4th Dept 1997]; see generally CPLR 8101).
Defendant also contends that the court erred in denying the motion insofar as it sought to dismiss the complaint for failure to state a cause of action. We reject that contention with respect to the first cause of action, for legal malpractice. It is well settled that "[t]o establish a cause of action for legal malpractice, a plaintiff must prove (1) that the defendant attorney failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community, (2) proximate cause, (3) damages, and (4) that the plaintiff would have been successful in the underlying action had the attorney exercised due care" (Harvey v Handelman, Witkowicz & Levitsky, LLP, 130 AD3d 1439, 1441 [4th Dept 2015] [internal quotation marks omitted]; see Leder v Spiegel, 9 NY3d 836, 837 [2007], cert denied 552 US 1257 [2008]; Santaro v Finocchio [appeal No. 2], 221 AD3d 1489, 1490 [4th Dept 2023]). On a motion pursuant to CPLR 3211 (a) (7), a cause of action for legal malpractice is properly dismissed where the conduct alleged in the complaint, "even if accepted as true[,] does not establish negligence" (Leder, 9 NY3d at 837; see generally Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 847 [2d Dept 2012], lv denied 20 NY3d 857 [2013]).
Here, we conclude that, giving the complaint "a liberal construction, accept[ing] the allegations as true and accord[ing]
. . . plaintiff every possible favorable inference" (Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 52 [2016]), plaintiff stated a cause of action for legal malpractice by alleging that defendant made erroneous statements about the applicable statute of limitations with respect to her personal injury case, which resulted in her failing to timely commence that action. We reject defendant's argument that he could not be negligent, as a matter of law, because when plaintiff retained him as her attorney, the time to file the requisite notice of claim had expired (see Public Authorities Law § 1299-p; see also General Municipal Law § 50-e). Indeed, we reject defendant's assertion that any failure on his part to file a motion for leave to file a late notice of claim was not negligent, as a matter of law, on the basis that there was no guarantee of success on such a motion. To the contrary, we conclude that at the time he was retained by plaintiff, defendant "had an opportunity to protect plaintiff's rights by seeking discretionary leave, pursuant to General Municipal Law § 50-e (5), to serve a late notice of claim" (Liporace v Neimark & Neimark, LLP, 162 AD3d 570, 570 [1st Dept 2018]; see Phillips v Moran & Kufta, P.C., 53 AD3d 1044, 1045 [4th Dept 2008]). Whether defendant "would have prevailed on such motion will have to be determined by the trier of fact" (Liporace, 162 AD3d at 570), and should not be resolved on this motion to dismiss where plaintiff has alleged that defendant was negligent in failing to "diligently and skillfully . . .
protect[ ] the rights of plaintiff[ ] arising out of the accident." We therefore conclude that the allegations in the complaint sufficiently state a cause of action for legal malpractice based on defendant's alleged errors with respect to the statute of limitations.
Nevertheless, we note that the second cause of action, for breach of contract, is duplicative of the cause of action for legal malpractice and we therefore grant the motion with respect to the second cause of action (see generally Mahran v Berger, 137 AD3d 1643, 1644 [4th Dept 2016]; Rich Prods. Corp. v Kenyon & Kenyon, LLP, 128 AD3d 1532, 1534 [4th Dept 2015]; Board of Trustees of IBEW Local 43 Elec. Contrs. Health & Welfare, Annuity & Pension Funds v D'Arcangelo & Co., LLP, 124 AD3d 1358, 1360 [4th Dept 2015]). We further modify the order accordingly.
We have considered defendant's remaining contentions and conclude that none warrant further modification or reversal of the order.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court