■ JOHN WILLS, Respondent, v. DOROTHY E. WILLS, Appellant, et al., Defendants.— In an action *inter alia* for specific performance of an agreement, in which defendant Dorothy E. Wills counterclaimed *inter alia* for partition of certain real property, said defendant appeals, as limited by her brief, from so much of a judgment of Supreme Court, Suffolk County, entered April 11, 1969 after a nonjury trial, as is against her. Judgment affirmed insofar as appealed from, with costs. No opinion. Brennan, Acting P. J., Rabin, Benjamin and Kleinfeld, JJ., concur; Hopkins, J., dissents and votes to reverse the judgment insofar as appealed from, to dismiss the complaint in its entirety, and to remit appellant's counterclaim for partition to the trial court for further proceedings, in accordance with the following memorandum: As this case was tried, the issue was whether oral agreements to convey real property should be enforced under the circumstances. Respondent and appellant were married and owned real property as tenants by the entirety. After more than 20 years of married life, according to respondent (the husband), he was induced through oral agreements of appellant (the wife), agreements which in his complaint he labeled fraudulent representations, to execute a power of attorney authorizing counsel to appear on his behalf in an action for divorce commenced by her in Mexico. The oral agreements (or representations) consisted of a promise by appellant to convey to respondent her interests in certain parcels of the real property owned by them jointly, in return for a stipulated consideration of cash, corporate stock, an automobile, and a parcel of land to be delivered to her by him. Once the divorce was procured, so he claimed, she refused to honor her agreement. Outside of the testimony of respondent, there is nothing which evidences the agreements alleged and testified to by him. True it is that he relies on letters written by appellant to him following the divorce in which she rather vaguely refers to their home, which was one of the parcels, according to him, to be conveyed to him. The contents of the letters do not satisfy the requirements of the Statute of Frauds (General Obligations Law, § 5-703). Respondent contends that the execution of the power of attorney represents part performance which removes the bar of the Statute of Frauds. But the conduct that is said to constitute part performance which permits an oral contract for the conveyance of land to be enforced must be unequivocally and exclusively referable to the contract (*Burns* v. *McCormick,* 233 N. Y. 230; *Woolley* v. *Steward,* 222 N. Y. 347; *Canute* v. *Minor,* 232 App. Div. 325, affd. 258 N. Y. 558). Here, respondent delivered none of the consideration which he says supported appellant's promise. The power of attorney was not directed toward the land; it concerned the marital relationship of the parties. As a written instrument in form for filing, its design was surely to lend jurisdiction to the Mexican court to act in the litigation commenced by appellant for a divorce against respondent. The power of attorney neither unequivocally nor exclusively referred to the land. What respondent really complains about is that appellant disappointed him in failing to convey her interests in the jointly owned land after the divorce. No doubt that the Statute of Frauds has at times been conceived to be no protector of the deceiver; yet I do not think that the inference of fraud in the traditional sense can be pointed toward appellant. The mere failure to carry out a bargain is not the kind of conduct which excuses the statute (3 Williston, Contracts [3d ed.], § 533A, pp. 805–810). If respondent claims a change of position

growing out of the dissolution of his marriage with appellant, then he in effect pleads a violation of the statute invalidating a contract to induce a divorce (General Obligations Law, § 5-311; cf. *Viles* v. *Viles*, 14 N Y 2d 365). It follows that respondent's complaint must be dismissed, and that appellant's counterclaim for a partition should be remitted for further proceedings. The foreign divorce decree could not be affected by this action, as respondent pursued it, for he concededly abandoned any attempt to set aside the power of attorney on the ground of fraud. Hence, the tenancy by the entirety enjoyed by the parties by virtue of their marriage was destroyed and the resulting tenancy in common properly becomes a subject for partition. As Special Term did not pass on this phase of the litigation, appellant's counterclaim for that relief should be remitted to Special Term. [59 Misc 2d 167.]