JOHN KOLODZIEJ, Respondent, v ALICE P. KOLODZIEJ, Appellant.

Fourth Department, November 12, 1976

*Robert J. Kane (J. Paul Brennan* of counsel), for appellant.

*Raymond L. Sciarrino* for respondent.

SIMONS, J. The trial court found upon sufficient evidence that immediately prior to taking proof in the appellant wife's prior divorce action against her husband (respondent here), the parties met in the Judge's chambers with their attorneys present and orally agreed upon the disposition of the marital residence which they owned as tenants by the entirety. The agreement was,[1] so the court found, that the wife and three

---

1. The record and decree from the divorce trial contain no details of the agreement except an ambiguous reference in the transcript in which the wife stated, in response to her attorney's question, that he had advised her that an agreement had been reached on the property.

children of the marriage were to continue living in the premises for two years, the husband to pay all taxes and insurance on the property during that time, and in exchange for the husband's payment of $4,000 the wife was to convey her interest in the property to him. The wife admits that the parties agreed on the disposition of the property, but asserts that the agreement permitted either party to buy the other's interest for $4,000.

Subsequently, the husband tendered payment but the wife refused to convey her interest and the husband now brings this action for specific performance contending he may compel performance of the oral agreement.

The trial court held that the agreement was enforceable because it was an agreement made between the parties or their attorneys arrived at in open court (see CPLR 2104) and, alternatively, because of the part performance of the husband. We disagree and find the contract void because of the Statute of Frauds. The judgment should be vacated and the matter remitted to the trial court for entry of an interlocutory judgment of partition as requested in plaintiff's second cause of action and for such further proceedings as are appropriate pursuant to section 901 *et seq* of the Real Property Actions and Proceedings Law.

Our Statute of Frauds provides that an agreement to convey an estate or interest in real property is unenforceable unless it is in writing or unless some note or memorandum of the agreement is in writing and subscribed by the party to be charged therewith. A court of equity may, however, compel specific performance of an oral agreement to convey real property in cases of part performance (General Obligations Law, § 5-703). An exception to this rule is found in the CPLR 2104 which permits the enforcement of oral agreements entered into in open court and it has been said that oral agreements made in open court also satisfy the Statute of Frauds (see *Matter of Dolgin Eldert Corp.*, 31 NY2d 1, 8; *Owens v Lombardi*, 41 AD2d 438, 440). However, the exception is based upon the underlying consideration that such stipulations are memorialized by an authentic writing in the form of a court record. When the exception has been extended to permit enforcement of oral agreements reached in a Judge's chambers, as it was in *Owens v Lombardi (supra)*, the result was tolerable because a stenographic transcript gave proof of the substance and fact of the parties' agreement. Quite the

contrary was true here. There was no record to establish the terms of the transfer or the parties' acquiescence in it and the exception does not apply to make the agreement enforceable.[2]

Oral agreements may also be enforceable in courts of equity because the part performance of one party makes it unjust that the other should permit or induce him to act upon an agreement to such an extent as to irremediably alter his situation and make the interposition of the requirements of the statute against performance a fraud. If the proof establishes conduct "unequivocally referable" to the oral agreement, the oral promise will be enforced, the bar of the statute notwithstanding (General Obligations Law, § 5-703, subd 4). The rule was stated by Judge CARDOZO in *Burns v McCormick* (233 NY 230, 232): "Not every act of part performance will move a court of equity, though legal remedies are inadequate, to enforce an oral agreement affecting rights in land. There must be performance 'unequivocally referable' to the agreement, performance which alone and without the aid of words of promise is unintelligible or at least extraordinary unless as an incident of ownership, assured, if not existing. 'An act which admits of explanation without reference to the alleged oral contract or a contract of the same general nature and purpose is not, in general, admitted to constitute a part performance *(Woolley v. Stewart,* 222 N. Y. 347, 351). What is done must itself supply the key to what is promised. It is not enough that what is promised may give significance to what is done." (See, also, *Wills v Wills,* 34 AD2d 564, dissenting memorandum of HOPKINS, J., revd for the reasons stated in the dissent in the Appellate Division, 28 NY2d 645.)

Plaintiff urges that the extent and quality of his performance in at least four respects was such that he is entitled to have the contract enforced. First, he says he moved out of the house. But he did not do so relying upon the agreement. He moved out of the house before any agreement was made and because a Judge ordered him to do so. Second, he notes that he allowed his wife to proceed with the divorce after agreement was reached on the property. This was not conduct related to conveyance of the property, it was conduct related to the divorce (see *Wills v Wills, supra).* Furthermore, if the

---

2. If the agreement was made between attorneys, rather than principals, as some of the witnesses recall, that fact adds nothing. The agreement is still unenforceable because it is not contended that either attorney had written authority to bind his client (General Obligations Law, § 5-703, subd 2).

divorce was the consideration for the contract, the agreement was a prohibited contract to induce a divorce and therefore void (General Obligations Law, § 5-311). Third, plaintiff points out that he paid the taxes and insurance as the agreement provided. He had always paid these expenses, however, and the payments are equally consistent with his obligation of support (see *Marsh v Marsh,* 222 App Div 825, affd 248 NY 548) and with his continuing ownership of the property. Finally, he notes that he tendered the $4,000 purchase price but the tender is a self-serving act without special significance.

In sum plaintiff's conduct is consistent with the obligations of support and the financial responsibilities of property ownership. It is intelligible as such without reference to any oral agreement by his wife to convey her interest and the oral agreement is therefore not enforceable because of part performance.

Plaintiff sought partition of the property in his second cause of action and the wife conceded that this was an appropriate remedy. The judgment should be reversed and the matter remitted to Wyoming County Court for entry of an interlocutory judgment and such other steps as are necessary for final judgment in partition.

MOULE, J. P., CARDAMONE, MAHONEY and DILLON, JJ., concur.

Judgment unanimously reversed on the law, without costs, and matter remitted to Wyoming County Court for further proceedings in accordance with opinion by SIMONS, J.