■ In the Matter of PRATAP M. NARSU, as Building Inspector of the City of Schenectady, Appellant, v GERALDINE A. POLSINELLI et al., Respondents.— Appeal from an order of the Supreme Court at Special Term, entered February 28, 1979 in Schenectady County, which granted respondent's motion to stay the City of Schenectady from taking any proceedings with reference to a parcel of real property at 1943 Wabash Avenue, Schenectady, New York. On or about October 27, 1977, the City of Schenectady commenced an in rem foreclosure proceeding, pursuant to article 11 of the Real Property Tax Law, against the real property owned by respondent Geraldine A. Polsinelli at No. 1943 Wabash Avenue, Schenectady, New York. On January 18, 1978, while the foreclosure proceeding was pending, this proceeding was commenced, pursuant to section 16-33 of the Code of Ordinances of the City of Schenectady, for an order permitting petitioner to demolish the building at 1943 Wabash Avenue, on the ground that it constituted a nuisance as that term is used in said ordinance and had been in violation of the ordinance since February 9, 1973. At the hearing on the petition on May 4, 1978, respondent moved to dismiss the petition on the ground that there was a lack of jurisdiction in that respondents had never been served in accordance with the provisions of the order to show cause. An off-the-record discussion was held in the Judge's chambers, after which the court stated on the record, "The parties will enter into a stipulation and upon execution of the stipulation the petition will be withdrawn." On July 11, 1978, petitioner received a proposed written stipulation, which petitioner's attorney refused to sign on the ground that it did not accurately reflect the agreement reached in that it included a broad statement that no further proceedings shall be taken against said property by the City of Schenectady until a period of at least 60 days subsequent to the final determination of

the litigation, which is now pending in the Supreme Court of Schenectady County entitled, "Geraldine A. Polsinelli against The Hanover Insurance Co." On June 22, 1978, a judgment foreclosing the tax liens on said property was granted by the County Court of Schenectady County. Thereafter, the City of Schenectady advertised an auction for the sale of certain properties acquired in the in rem foreclosure, including No. 1943 Wabash Avenue, to be held on November 9, 1978. On November 16, 1978, respondent Geraldine A. Polsinelli obtained an order requiring petitioner and the Corporation Counsel of the City of Schenectady to show cause why an order should not be made staying the City of Schenectady from any proceedings with reference to the property commonly known as 1943 Wabash Avenue, until at least 60 days subsequent to the final determination of the litigation in the action of Geraldine A. Polsinelli against the Hanover Insurance Co. This order stayed any proceedings by the City of Schenectady pending determination of the motion. Special Term granted respondent's motion to stay all proceedings by the City of Schenectady with respect to said property, stating, "When parties or their attorneys enter into a stipulation and such stipulation is not expressly limited in respect of time or confined in terms to some particular purpose, it stands in the case for all purposes until the litigation is ended, unless the court, upon application, should relieve either or both parties from its operation. In the instant case, it is apparent that the stipulation entered into before this court was broad enough to encompass all matters relating to 1943 Wabash Avenue." Petitioner contends that the alleged oral stipulation entered into in the off-record discussion does not comply with CPLR 2104 and is not binding. CPLR 2104 provides as follows: "An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered." The alleged stipulation submitted to petitioner for signature was not read into the record in a court convened "to do judicial business" and was, therefore, not imbued with the "formality, publicity and solemnity of any open court proceeding" and was, therefore, not binding on petitioner (Matter of Dolgin Eldert Corp., 31 NY2d 1; Kolodziej v Kolodziej, 54 AD2d 228). It was improper for Special Term to determine the terms of a stipulation of settlement based on the discussion in chambers and the court's personal recollection of the settlement negotiations (Matter of Dolgin Eldert Corp., supra; Marshall v Marshall, 52 AD2d 841). The exception of oral agreements in open court from the operation of the Statute of Frauds is based upon the underlying consideration that such agreements are memorialized by an authentic writing in the form of a court record. When the exception has been extended to oral agreements reached in a Judge's chambers, the extension was permitted only when a stenographic record was made of the agreement, giving proof of the substance and fact of the parties' agreement (Kolodziej v Kolodziej, supra; see, also, Owens v Lombardi, 41 AD2d 438). The only reference to a stipulation in the record is the above-mentioned statement of the court, which implies no more than an agreement to agree. In the absence of a stenographic record of a stipulation, the alleged stipulation is not binding upon petitioner and the order of Special Term should be reversed. Order reversed, on the law and the facts, with costs, and motion denied. Mahoney, P. J., Sweeney, Kane and Staley, Jr., JJ., concur.

Mikoll, J., concurs in the following memorandum. Mikoll, J. (concurring). I agree that the stay granted by Special Term must be set aside. The petitioner is now entitled to proceed to sale of the property or, under section

1138 of the Real Property Tax Law, to have the property withdrawn for one of the reasons set out in subdivision 2 of section 1122 of the Real Property Tax Law. The respondent should have a brief opportunity, not exceeding 30 days, to seek an arrangement with petitioner under subdivision 2 of section 1122 of the Real Property Tax Law for installment payments and the possible withdrawal of the parcel.