■ JOHNNY RIVERA, Respondent, v STATE OF NEW YORK, Appellant.—Order, Court of Claims (Edward J. Amann, Jr., J.), entered September 13, 1984 which, on claimant's motion vacated a stipulation of settlement reached in open court, is unanimously reversed, on the law and the facts, the motion

denied, and the stipulation of settlement is reinstated, with costs.

On February 16, 1982, claimant was injured, while he was employed at the Fort Washington Armory (Armory) located at 168th Street and Broadway in New York County. The subject Armory is a facility of the State of New York (State). Based upon his allegation that his injury was due to negligence, the claimant filed a claim for damages against the State. Subsequently, on February 22, 1984, in open court, the claimant, represented by counsel, entered into a stipulation settling his claim for $16,000.

Before the court accepted the subject stipulation, it questioned the claimant about the settlement's terms, and the claimant acknowledged that he understood them, including the term that pertained to the payment of the lien of the compensation carrier, the exact amount of which was unknown to him at that time.

Subsequently, the claimant's counsel moved to vacate the settlement, upon the ground that the claimant was dissatisfied with it, because he had learned that the said lien was in the amount of $7,800, and when this amount would be added to the attorney's fee, the settlement would only yield him approximately $2,000. The court granted claimant's application and set aside the stipulation.

We disagree.

In view of the fact that the instant stipulation of settlement was made in open court, by a claimant, who was represented by counsel, and who, under oath, acknowledged he understood its terms, we find that the claimant has not met his burden of showing good cause to justify setting aside this settlement. Our review of the record indicates no fraud, overreaching, mutual mistake or any other good cause. In fact, we find "nothing but afterthought and change of mind" *(Term Indus. v Essbee Estates,* 88 AD2d 823, 825). Recently, a unanimous Court of Appeals stated, in *Hallock v State of New York* (64 NY2d 224, 230): "[s]tipulations of settlement are favored by the courts and not lightly cast aside (see *Matter of Galasso,* 35 NY2d 319, 321). * * * Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation *(Matter of Frutiger,* 29 NY2d 143, 149-150)" (material in brackets added).

The mistake made here, if indeed, there was a mistake, was properly characterized by the trial court as being made by

"claimant and his counsel", in their belief that the compensation lien was insignificant. The defendant should not bear the responsibility for claimant's unilateral mistake, or his attorney's failure to timely inquire relative to outstanding liens, before entering into a full and formal settlement *(see, Hallock v State of New York, supra).*

Accordingly, we reinstate the stipulation of settlement. Concur—Kupferman, J. P., Sullivan, Ross and Rosenberger, JJ.