■ ANTON POPOVIC, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORP. et al., Respondents.—Order, Supreme Court, Bronx County (Louis Friedman, J.) entered July 5, 1991, which denied plaintiff's motion to restore a matter to the trial calendar, unanimously affirmed, without costs.

The record reflects that after pre-trial conference, the parties agreed in the presence of the court to settle this personal injury case for $30,000. The court marked the original note of issue to conform with the agreement, and the Clerk entered notice of the settlement in the court's calendar, and on the Clerk's return, which information was entered into the court's computer record system. Having been settled, the case was marked off the calendar. Subsequently, plaintiff's counsel indicated to the court that his client refused to accede to the settlement.

"[O]pen court" as used in CPLR 2104, is a technical term that refers to the formalities attendant upon documenting the fact of the stipulation and its terms, and not to the particular location of the courtroom itself *(see, Matter of Dolgin Eldert Corp.,* 31 NY2d 1, 4-5). There is no indication that plaintiff's counsel lacked authority to negotiate, and enter into a settlement *(see, Hallock v State of New York,* 64 NY2d 224; *Smith v Lefrak Org.,* 142 AD2d 725, 726). We equate the court's own documentation and the entry into its computer records of the settlement with the Second Department's requirement of entry of the settlement into the Clerk's minute book *(see, Deal v Meenan Oil Co.,* 153 AD2d 665, 666; *Collazo v New York City Health & Hosps. Corp.,* 103 AD2d 789, 790). This Court will give effect to stipulations entered into, and evidenced by, substantial compliance with CPLR 2104 *(Golden Arrow Films v Standard Club,* 38 AD2d 813). In the present case, despite a client's subsequent recalcitrance, the parties and the court substantially complied with the statute. We are cognizant of 22 NYCRR 202.26 (f) which requires that a stipulation of settlement agreed upon at a pre-trial conference must be recorded in the court's minutes. We construe this Rule permissively to deem compliance upon entry in the court's own records and the Central Clerk's computer. Concur—Milonas, J. P., Wallach, Ross, Asch and Smith, JJ.