**Elisa M. ACOT, Plaintiff–Appellant,**

v.

**NEW YORK MEDICAL COLLEGE,
Defendant–Appellee.**

No. 03–7832.

United States Court of Appeals,
Second Circuit.

May 25, 2004.

Elisa M. Acot, New York, NY, for Plaintiff–Appellant, pro se.

Barbara E. Hoey, (Joseph N. Froehlich, on the brief) Kelley, Drye & Warren, LLP, New York, NY, for Defendant–Appellee.

Present: WINTER, STRAUB, and LAY,* Circuit Judges.

## SUMMARY ORDER

UPON SUBMISSION AND DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby **AFFIRMED.**

Plaintiff–Appellant Elisa Acot, *pro se,* appeals from a judgment of the United States District Court for the Southern District of New York entered on June 18, 2003 granting New York Medical College's petition to enforce a settlement agreement. We assume familiarity with the underlying facts of this case, its procedural context, and the issues which have been raised for appellate review.

A district court has the power to enforce a settlement agreement reached in a case that was pending before it. *See Janus Films, Inc. v. Miller,* 801 F.2d 578, 583 (2d Cir.1986). Under New York or federal law, an oral settlement is binding if it is

---

* The Honorable Donald P. Lay, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

made in "open court," e.g., formally memorialized in some manner on the court record. *See In re Dolgin Eldert Corp.,* 31 N.Y.2d 1, 9–10, 334 N.Y.S.2d 833, 286 N.E.2d 228 (1972) (citing N.Y. C.P.L.R. § 2104); *Monaghan v. SZS 33 Assoc., L.P.,* 73 F.3d 1276, 1283 n. 3 (2d Cir.1996) ("[T]he federal rule regarding oral stipulations does not differ significantly from the New York rule."). An oral agreement reached before an administrative law judge is still considered to have occurred in open court under New York law. *See Cent. N.Y. Reg'l Mkt. Auth. v. John B. Pike, Inc.,* 120 A.D.2d 958, 958, 503 N.Y.S.2d 462 (4th Dep't) (oral stipulation before arbitration panel "was the equivalent of a stipulation made in open court"), *appeal denied,* 69 N.Y.2d 602, 512 N.Y.S.2d 1025, 504 N.E.2d 395 (1986); *see also Popovic v. New York City Health and Hosp. Corp.,* 180 A.D.2d 493, 493, 579 N.Y.S.2d 399 (1st Dep't 1992) ("Open court" within the meaning of N.Y. C.P.L.R. § 2104 "is a technical term that refers to the formalities attendant upon documenting the fact of the stipulation and its terms, and not to the particular location of the courtroom itself.").

A party cannot avoid a settlement by refusing to sign settlement papers memorializing the settlement terms reported to the court. "When a party makes a deliberate, strategic choice to settle, she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect." *United States v. Bank of New York,* 14 F.3d 756, 759 (2d Cir.1994). The fact that parties to an oral agreement contemplate memorializing their agreement in a subsequently executed document will not prevent them from being bound by the oral agreement. *See V'Soske v. Barwick,* 404 F.2d 495, 499 (2d Cir.1968).

An agreement to end a lawsuit is construed according to contract principles. *United States v. Sforza,* 326 F.3d 107, 115 (2d Cir.2003). Whether the parties had a "meeting of the minds" is to be determined by an examination of the totality of the circumstances. *Id.* at 116. There is ample evidence to support the District Court's conclusion that the parties reached a meeting of the minds and that Acot was therefore bound to the terms of the settlement agreement. The record of the settlement agreement reflects that Acot, while represented by counsel, affirmatively stated on two occasions, in response to the administrative law judge's questioning, that she agreed to the terms of the agreement and understood that the settlement would terminate her federal lawsuit.

We have considered all of Acot's contentions on appeal and find them to be without merit. The judgment of the District Court is hereby AFFIRMED.