**Rodney SILAS, Plaintiff,**

v.

**CITY OF NEW YORK, et al., Defendants.**

**No. 05 Civ. 7181 (RJH)(MHD).**

United States District Court, S.D. New York.

Feb. 21, 2008.

Rodney Silas, Bronx, NY, pro se.

Prathyusha Bandi Reddy, NYC Law Department, Office of the Corporation Counsel, New York, NY, for Defendants.

## MEMORANDUM OPINION & ORDER

RICHARD J. HOLWELL, District Judge.

*Pro se* plaintiff Rodney Silas sued defendants New York City and certain New York City correctional officer for violations of 42 U.S.C. § 1983 in connection with a claim for use of excessive force. The case was referred to Magistrate Judge Dolinger for general pretrial purposes. A settlement conference was held before Judge Dolinger on January 19, 2007 at which time counsel for defendants appeared in person and plaintiff, then incarcerated at the Marcy Correctional Facility, appeared by telephone. At the end of the conference, plaintiff orally accepted defendants' counsel's offer to settle the case for $1,500. The oral agreement was not recorded at that time. On January 23, 2007 defendants' counsel mailed settlement papers to

defendant. However, on January 22, 2007 the plaintiff had written to defendants' counsel advising him that plaintiff was no longer willing to settle the case on the terms that had been agreed to at the settlement conferences.

Defendants thereafter moved to enforce the terms of the settlement, arguing that "(1) the oral settlement agreement that was reached before the Court on January 19, 2007 is goverened by state law and (2) the agreement satisfies New York C.P.L.R. 2104." (Defs.' Supp. Mem. at 3–4).

On September 24, 2007 Judge Dolinger issued a Report and Recommendation that defendants' motion be denied. A copy of the Report is attached in its entirety. Judge Dolinger noted that it was an open question in the Second Circuit whether the enforceability of a settlement agreement in a federal action was to be determined under state or federal law. (Report at 357–58) (citing *Monaghan v. SZS 33 Assocs., L.P.,* 73 F.3d 1276, 1283 n. 3 (2d Cir.1996).) However, since defendants conceded that New York law applied, he reviewed the relevant case law interpreting C.P.L.R. 2104. This rule provides:

> An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered.

Since there was no writing subscribed by the plaintiff and no order entered by the court, Judge Dolinger concluded that the parties' oral agreement was enforceable under C.P.L.R. 2104 only if it was "made between counsel in open court." On this issue, he found that an oral agreement made in chambers without any documentation did not substantially comply with the "open court" proviso found in C.P.L.R.

2104. Defendants have now objected to the Report and move for an order enforcing the terms of the oral settlement agreement.

The district court adopts a magistrate judge's Report and Recommendation when no clear error appears on the face of the record. *See Nelson v. Smith,* 618 F.Supp. 1186, 1189 (S.D.N.Y.1985). However, the court is required to make a *de novo* determination of those portions of a Report to which objection is made, 28 U.S.C. § 636(b)(1)(C), by reviewing "the Report, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Bandhan v. Lab. Corp. of Am.,* 234 F.Supp.2d 313, 316 (S.D.N.Y.2002). The court may then accept, reject, or modify in whole or in part recommendations of the magistrate judge. *See Nelson,* 618 F.Supp. at 1189. If the party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Sanchez v. Dankert,* 2004 WL 439502, at *1 (S.D.N.Y. March 9, 2004); *accord Johnson v. City Univ. of New York,* 2003 WL 21435469, at *1 (S.D.N.Y. June 19, 2003); *Greene v. WCI Holdings Corp.,* 956 F.Supp. 509, 513 (S.D.N.Y.1997). On the other hand, where objections to a report are "specific and . . . address only those portions of the proposed findings to which the party objects, district courts should conduct a *de novo* review of the issues raised by the objections." *Camardo v. Gen. Motors Hourly–Rate Employees Pension Plan,* 806 F.Supp. 380, 381–82 (W.D.N.Y.1992).

Having reviewed the Report and Recommendation and the authority on which it is based *de novo,* the Court adopts the Report in its entirety and denies defendants' motions. Under C.P.L.R. 2104 there are three ways to create a valid and binding stipulation of settlement. *See* 4 Weinstein,

Korn, and Miller, New York Civil Practice ¶¶ 2104.00–03. Two of those procedures require a writing, either a stipulation signed by the party to be bound or his counsel, or a stipulation that has been reduced to an order, signed by the judge and entered. *Id.* ¶ 2104.00. In the absence of a writing, however, an oral stipulation is enforceable only if made by counsel in open court. While New York courts will uphold an oral settlement agreement that "substantially complies" with the "open court" requirement, the Report correctly concluded that the wholly undocumented oral agreement in the instant case did not amount to substantial compliance. (Report at 360–62.) Even if the "open court" requirement were satisfied, the Court notes that the parties' oral settlement appears unenforceable because it was not an agreement "between counsel," nor could it be inasmuch as plaintiff was appearing *pro se.* The Report assumes, *arguendo,* that C.P.L.R. 2104 would apply to an oral agreement between counsel and a *pro se* party. (Report at 359 n. 2.) However, the Rule clearly distinguishes between the acts of parties and their attorneys in its first and last clause. Notably, the "open court" proviso, by its terms, does not apply to a stipulation between counsel and a party. The Court sees no reason why the literal terms of the rule should not be applied to the present case.

## CONCLUSION

For the reasons stated above and in the Report and Recommendation of Magistrate Judge Dolinger, defendants' motions [44, 49] are denied.

SO ORDERED.

## *REPORT & RECOMMENDATION*

MICHAEL H. DOLINGER, United States Magistrate Judge.

*Pro se* plaintiff Rodney Silas, until recently incarcerated in the New York City and State correctional systems, commenced this action pursuant to 42 U.S.C. § 1983 to assert constitutional claims against several New York City correctional officers and against the City itself. With the agreement of the parties, we conducted a settlement conference with defendants' counsel present and plaintiff participating by telephone. At the conference counsel and plaintiff agreed orally to settle the case based on a payment to plaintiff of $1,500.00. Several days later, before receiving or signing any settlement documents, plaintiff advised defendants' attorney that he was no longer willing to settle for that sum.

In the wake of that communication, defendants have moved to enforce the settlement. Plaintiff has opposed. For the reasons that follow, we recommend that the motion to enforce the agreement be denied.

### A. *The Settlement Events*

With the consent of both parties, a settlement conference was scheduled for January 19, 2007. Counsel for defendant appeared in person, and plaintiff, because of his incarceration at the Marcy Correctional Facility, appeared by telephone.

During the course of the conference, the Court conferred, *ex parte,* with counsel and with plaintiff, and defendants' attorney spoke directly with plaintiff by telephone. At the conclusion of the conference, after defendants' attorney had offered $1,500.00 to settle the case, plaintiff stated that he would agree to settle the matter on those terms. Counsel for defendants explained to plaintiff that this sum was in exchange for terminating all claims relating to this matter, and plaintiff indicated that he understood this. The terms of the settle-

ment were not recorded by the court in any way. Rather, we understood that defendants' counsel would prepare the appropriate settlement documents and send them to plaintiff for review and signature.

On January 23, 2007, defendants' attorney mailed plaintiff the settlement paperwork, including a Stipulation and Order of Settlement and Discontinuance, an Affidavit of No Liens, an Affidavit Concerning Liens, and a General Release. (Declaration of Ass't Corp. Counsel Prathyusha Reddy, executed Feb. 9, 2007, ¶ 14 & Ex. D). However, in a letter dated January 22, 2007 and presumably signed and sent that day, plaintiff stated that he no longer found the terms of the settlement acceptable. He indicated that the dollar amount was inadequate, and that he was no longer willing to settle for less than "double" that amount. (*Id.* at ¶ 16 & Ex. E).

In the wake of their receipt of this communication from plaintiff, defendants initially made a letter request that the court enforce what they viewed as a binding settlement. (*Id.* at ¶ 17 & Ex. F). Instead, we directed that defendants proceed by formal motion. (Order dated Feb. 1, 2007). In compliance with that directive, on February 9, 2007 defendants filed a Motion to Enforce the Settlement Agreement. Plaintiff opposed the motion, emphasizing his *pro se* status.

Upon review of the papers, we noted that the parties had not addressed the threshold question of whether federal or state law controlled the analysis, and had also not dealt with whether the circumstances satisfied the statutory requirements for an enforceable settlement under section 2104 of New York's Civil Practice Law and Rules. Accordingly, by Order dated May 11, 2007, we directed that de-

fendants provide a supplemental memorandum addressing the following two questions:

1) Is the enforceability of this settlement agreement governed by federal or state law?

2) If state law governs, does the oral agreement satisfy New York Civil Practice Law and Rules 2104 despite the fact that the agreement was not recorded or otherwise docketed by the Court?

Defendants filed a supplemental brief, agreeing that New York law controlled and arguing that the circumstances of the oral agreement sufficiently complied with the statutory requirements. Plaintiff subsequently responded, arguing that section 2104 had not been satisfied.

*ANALYSIS*

I.  *The Governing Law*

In reviewing the validity of oral settlement agreements, the Second Circuit has not ruled definitively whether state or federal law applies. In practice, however, the circuit court and various district courts regularly apply New York law in analyzing whether a settlement agreement should be enforced, even in federal-question cases. *See, e.g., Monaghan v. SZS 33 Associates, L.P.,* 73 F.3d 1276, 1283 (2d Cir.1996) ("We assume, without deciding, that New York law provides the rule of decision for determining the validity of the oral settlement agreement"). *Accord, e.g., Powell v. Omnicom,* 497 F.3d 124, 129 n. 1 (2d Cir. 2007); *Kingsvision Pay–Per–View v. Keane,* 2006 WL 1704474, *2 n. 1 (E.D.N.Y. June 16, 2006) (citing cases).[1] In doing so, the Court of Appeals has repeatedly observed that the question of

---

1. In one instance the Second Circuit suggested in dictum that the law governing oral settlements might be viewed as procedural,

and therefore presumptively federal under the *Erie* doctrine even in diversity cases. *Monaghan,* 73 F.3d at 1283 note 3.

which law applies to oral settlements entered into in New York is essentially a moot one, as there is no meaningful substantive difference between federal and New York law with regard to enforceability. *E.g., Ciaramella v. Reader's Digest Ass'n, Inc.,* 131 F.3d 320, 322 (2d Cir.1997) ("[W]e find there is no material difference between the applicable state law or federal common law standard"); *Monaghan,* 73 F.3d at 1283 ("[T]he federal rule regarding oral stipulations does not differ significantly from the New York rule"); *see also Willgerodt ex. rel. v. Hohri,* 953 F.Supp. 557, 560 n. 1 (S.D.N.Y.1997).

In this case defendants concede the applicability of New York law (Defs.' May 18, 2007 Supp. Mem. at 3), and plaintiff does not differ. Accordingly we follow their lead and apply that body of law.

## II. *Enforcement of the Parties' Oral Agreement*

■ Defendants correctly note that, as a general rule, settlement agreements are strongly favored in New York and may not be lightly cast aside. *See, e.g., Rivera v. State,* 115 A.D.2d 431, 432, 496 N.Y.S.2d 230 (1st Dep't 1985); *Galasso v. Galasso,* 35 N.Y.2d 319, 361 N.Y.S.2d 871, 320 N.E.2d 618, 618–19 (1974). Nonetheless, to be enforceable, a settlement agreement must both satisfy the common-law test for the enforceability of oral agreements and meet the New York statutory requirements for agreements related to litigation.

■ In determining generally whether oral agreements are enforceable in the absence of a fully executed document, the courts recognize that the intent of the parties, as demonstrated by their "words and deeds," is controlling. *See Winston v. Mediafare Ent'mt Corp.,* 777 F.2d 78, 80 (2d Cir.1985). In *Winston,* and again in *Ciaramella,* the Second Circuit specified four factors that should guide the court's

inquiry into whether the parties intended to be bound by the oral agreement at issue:

(1) whether there has been express reservation of the right not to be bound in the absence of writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and, (4) whether the agreement at issue is the type of contract that is usually committed to writing.

*Ciaramella,* 131 F.3d at 323; *Winston,* 777 F.2d at 80. No single factor is necessarily dispositive in all circumstances; rather, all four factors should be considered for their bearing on the parties' intent in the context of the entire case. *See, e.g., Lindner v. Am. Express Corp.,* 2007 WL 1623119 at *4 (S.D.N.Y. June 6, 2007). We therefore assess each of these considerations in light of the circumstances encountered in this case.

### 1. *Express Reservations*

We treat this consideration with some caution since plaintiff is a *pro se* litigant and no written drafts were created. However, as neither party expressly reserved the right not to be bound in the absence of a fully executed writing, the first *Winston* factor supports the enforceability of the settlement agreement.

### 2. *Partial Performance*

The second *Winston* factor militates in the opposite direction. Neither side undertook any performance, whether partial or whole; plaintiff did not terminate his lawsuit, and defendants did not deliver to him the agreed-upon sum of money. This circumstance weighs against enforcement.

### 3. Existence of Open Terms

The lack of a preliminary draft of a written agreement complicates any analysis of whether or not there were still terms of the settlement left unresolved after the January 19, 2007 settlement conference. The agreement, however, seems to have been a fairly basic one—the termination of plaintiff's lawsuit in exchange for the sum of $1,500.00—although we cannot be sure that plaintiff understood the necessity for general releases. Nonetheless, it is fair to infer that no material terms were left open to negotiation following the settlement conference. Thus, the third *Winston* factor favors enforcement.

### 4. Type of Agreement

The fourth *Winston* factor is whether the agreement is of the type that is usually committed to writing. Agreements pertaining to litigation are statutorily regulated in New York. Thus, to determine whether this settlement agreement is of the type that is usually committed to writing, we turn to the applicable statute, CPLR 2104, which governs whether a writing is required under these circumstances. CPLR 2104 states:

> An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered.

In this case, there is no writing subscribed by the plaintiff, nor has an order been entered. Thus, the settlement agreement is not enforceable under CPLR 2104 un-less it was "made between counsel in open court."[2]

"Open court" is a technical legal term "that refers to the formalities attendant upon documenting the fact of the stipulation and its terms, and not to the particular location of the courtroom itself." *Popovic v. New York City Health and Hospitals Corp.*, 180 A.D.2d 493, 493, 579 N.Y.S.2d 399, 400 (1st Dep't 1992). The scope of this exception is limited by the underlying statutory policy to ensure that there are "some formal entries, if only in the clerk's minutes, to memorialize the critical litigation events." *Matter of Dolgin Eldert Corp.*, 31 N.Y.2d 1, 10, 334 N.Y.S.2d 833, 840, 286 N.E.2d 228 (1972); *see, e.g., Graffeo v. Brenes*, 85 A.D.2d 656, 657, 445 N.Y.S.2d 223, 225 (2d Dep't 1981) (holding clerk's minutes could have been sufficient to satisfy CPLR 2104 had they actually indicated that an agreement had been reached).

Accordingly, an oral agreement reached before a judge in an informal setting and without adequate contemporaneous documentation of the fact and terms of the agreement is not ordinarily enforceable. *See, e.g., Dolgin*, 31 N.Y.2d at 8–10, 334 N.Y.S.2d at 838–41, 286 N.E.2d 228 (holding that agreement reached before judge in his chambers was not made in "open court"); *see also Maldonado v. Novartis Pharmaceuticals Corp.*, 40 A.D.3d 940, 836 N.Y.S.2d 663 (2d Dep't 2007) (holding that agreement reached before court-appointed mediator was unenforceable despite filed disposition form stating monetary settlement terms). Furthermore, the documentation must consist of more than a brief notation that a settlement was made with a reference to its

**2.** The statute refers to agreements "made by counsel in open court." We assume, for purposes of discussion, that an agreement by a *pro se* litigant, if it otherwise met the statutory requirements, would be enforceable, although there may be circumstances in which the party's *pro se* status would weigh in the balance.

monetary term. *See, e.g., Andre–Long v. Verizon Corp.,* 31 A.D.3d 353, 819 N.Y.S.2d 56 (2d Dep't 2006) (finding notation "settled" on calendar insufficient memorialization to satisfy CPLR 2104); *Johnson v. Four G's Truck Rental,* 244 A.D.2d 319, 663 N.Y.S.2d 889, 890 (2d Dep't 1997) (finding notation "SBT 15,000" on calendar insufficient memorialization to satisfy CPLR 2104).

■ In this case, the agreement, made on the telephone by plaintiff and in the robing room by defendants' counsel, was not made "in open court." *Dolgin,* 31 N.Y.2d at 10, 334 N.Y.S.2d at 840, 286 N.E.2d 228 ("Judicial proceedings in "open court" ... and informal conferences in chambers or robing rooms ... are manifestly disparate[.]"). The proceeding was entirely informal, and there was neither transcription nor any other form of contemporaneous documentation of the terms of the agreement. *See, e.g., Narsu v. Polsinelli,* 74 A.D.2d 952, 952–53, 426 N.Y.S.2d 162, 164 (3d Dep't 1980) (holding that informal discussions with judge resulting in oral agreement but lacking a stenographic record were not in "open court" and thus unenforceable under CPLR 2104).[3] Thus, CPLR 2104 bars the enforcement of the agreement.

In resisting this conclusion, defendants argue that "a writing, while necessary to effect the particulars of the settlement, is not necessary to enforce the settlement." (Defs.' May 18, 2007 Supp. Memo. at 6). Defendants, however, do not substantiate this purported distinction with citation to any authority, and the caselaw appears to be to the contrary. *See, e.g., Dolgin,* 31 N.Y.2d at 10–11, 334 N.Y.S.2d at 840–41, 286 N.E.2d 228 ("the 'open court exception' applies only when there is no subscribed writing or other record evidence ... In the latter days, it has meant an available full transcript."); *Maldonado,* 40 A.D.3d at 940, 836 N.Y.S.2d at 663, 664 (rejecting unsigned disposition form as sufficient memorialization of oral stipulation); *Narsu,* 74 A.D.2d at 952–53, 426 N.Y.S.2d at 164 (holding that oral agreement reached during unrecorded discussions with judge in chambers was not enforceable under CPLR 2104).

Defendants go on to argue that even without any sort of writing, the settlement may be enforced because the oral agreement reflected "substantial compliance" with CPLR 2104. (Defs.' Supp. Memo at 6) (quoting *Monaghan,* 73 F.3d at 1283 ("the parties' agreement did not meet the technical requirements of New York law for a binding settlement ... [b]ut 'substantial compliance' with these requirements is deemed sufficient.")). More specifically, defendants rely on the Appellate Division's decision in *Popovic* as standing for the proposition that "a settlement agreement that is made in the presence of the Court, but was not otherwise recorded, and therefore, did not technically comply with all the requirements of Rule 2104 is an example of an oral agreement that 'substantially complies' with Rule 2104." (Defs.' May 18, 2007 Supp. Memo. at 6).

*Popovic* can be easily distinguished, however; in *Popovic,* the settlement *was* recorded in writing, by the Clerk, on the court's calendar and in its computer system. *Popovic,* 180 A.D.2d at 493, 579 N.Y.S.2d at 400. Notwithstanding defendants' suggestion to the contrary, *Popovic* neither holds nor suggests that CPLR 2104 may be satisfied by an oral agree-

---

**3.** As one court in this district recently noted, even where the court conducts a transcribed settlement conference with the parties off the record, "there is some question about whether this [is] actually an open court agreement[,]" since the public has no access to the supposedly "open court" proceeding. *See Lindner,* 2007 WL 1623119, at *8.

ment that is not documented by any writing. Instead, *Popovic* explicitly recognized that section 2104 is designed to guarantee that "some formal entries" exist to memorialize a stipulation. *Id.* at 493, 579 N.Y.S.2d at 400. Indeed, this very point was emphasized by the New York Court of Appeals in *Dolgin*, in a passage that defendants themselves quote (Defs.' May 18, 2007 Supp. Memo at 6) and then ignore: section 2104 is intended to ensure that there are "some formal entries, if only in the clerk's minutes, to memorialize the critical litigation events." *In re Dolgin Eldert Corp.*, 31 N.Y.2d at 10, 334 N.Y.S.2d at 840, 286 N.E.2d 228.

As for *Monaghan* itself, the Circuit Court there affirmed the trial court's enforcement of an oral settlement reached by the plaintiff and defendant before the trial judge, and it did so despite the fact that the settlement conference and agreement had not been recorded. 73 F.3d at 1283. In so holding, however, the appellate court emphasized, as had the trial court, that the plaintiff had relied to her detriment on the settlement agreement by allowing her trial date to pass and by not participating in the trial that later did take place between the defendant and the third-party defendant. In making this point, the appellate panel cited a body of New York case law holding that where a settling party has relied to his detriment on an oral settlement, the other side may be equitably estopped from challenging the settlement because of technical non-compliance with CPLR 2104. *Id.* (citing *Smith v. Lefrak Organization*, 142 A.D.2d 725, 531 N.Y.S.2d 305, 306 (2d Dep't 1988); *Hansen v. Prudential Lines, Inc.*, 118 Misc.2d 568, 575, 461 N.Y.S.2d 670, 675 (Sup.Ct. Kings Cty.1983)). Based on this authority, the Court of Appeals

held that the trial court's enforcement of the settlement agreement had not been an abuse of discretion. *Id.* In contrast, in this case defendants do not suggest, and plainly cannot demonstrate, that they have relied in any meaningful way on the settlement, or that they have been materially prejudiced by any such reliance.[4]

The other decision that the defendants cite on this point is also easily distinguished from the one at hand. In *Willgerodt*, the court held that a party cannot repudiate a settlement agreement once it has been made in a binding fashion. *Willgerodt*, 953 F.Supp. at 561. In this case, however, the agreement was not binding, because it was not made in open court. Defendants' repeated assertion that plaintiff cannot void the settlement agreement just because he "changed his mind" (Defs.' Feb. 13, 2007 Mem. at 5), while true, is not relevant here. The salient question is not whether plaintiff can "get out" of a binding oral settlement agreement, but whether the settlement was binding on the parties in the first place.

Defendants also cite the unpublished decision in *Rodriguez–Ramos v. City of New York*, 99–CV–4799 (CPS) (E.D.N.Y. February 11, 2005), although they do not explicitly suggest that it stands for the proposition that, absent any memorialization, an agreement before a judge is binding and enforceable. (Defs.' May 18, 2007 Supp. Mem. at 5). That reticence is well justified. In *Rodriguez–Ramos*, all parties agreed that there had been a memorialization of the settlement, but it had subsequently been misplaced. In our case, no memorialization was ever made.

4. The lack of such prejudice is underscored by the fact that plaintiff changed his mind about the settlement within a few days after the conference and promptly communicated that fact to defendants' counsel. Other than mailing plaintiff the settlement papers, defendants' attorney did nothing else before she learned of plaintiff's change of position.

Finally, defendants' further repeated invocation of New York's general presumption in favor of settlements is also unpersuasive. The following observation of the Court of Appeals in *Bonnette v. Long Island College Hosp.* seems particularly relevant to this point:

> our State's strong policy promoting settlement (*see Hallock v. State of New York,* 64 N.Y.2d 224, 230, 485 N.Y.S.2d 510, 474 N.E.2d 1178 [1984] ), repeatedly advanced by [defendant] as a reason to enforce the settlement here, actually convinces us that we cannot enforce the [defendant]'s unwritten agreement with [plaintiff]. If settlements, once entered, are to be enforced with rigor and without a searching examination into their substance, it becomes all the more important that they be clear, final and the product of mutual accord. These concerns obviously lie at the heart of CPLR 2104[.]

*Bonnette v. Long Island College Hosp.,* 3 N.Y.3d 281, 286, 785 N.Y.S.2d 738, 741, 819 N.E.2d 206 (2004).

In sum, the parties' oral agreement in this case does not satisfy the requirements of CPLR 2104. Judicial interpretation of the term "open court" in CPLR 2104 requires contemporaneous documentation. Thus, returning to the fourth *Winston* factor, we conclude that this agreement was of a type that is usually committed to writing. However, we need not make a holistic determination as to the parties' intent, because CPLR 2104 alone bars enforcement of this settlement agreement.

Finally, there is no compelling reason to disregard the requirements of CPLR 2104 in this case, particularly in the absence of reliance by defendants or prejudice to them, and in view of the plaintiff's status as an untutored *pro se* litigant.

### CONCLUSION

For the reasons noted, we recommend that defendants' motion to enforce the oral settlement agreement be denied.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable Richard J. Holwell, Room 1950, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York 10007. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e); *Thomas v. Arn,* 474 U.S. 140, 150–52, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Small v. Sec'y of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir.1989).

Dated: New York New York, September 25, 2007.