21-2000-cv
*Michelen v. IEEE GlobalSpec*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand twenty-two.

Present:

> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

ABRAHAM MICHELEN,

> *Plaintiff-Appellant*,

v.                                                                                          21-2000-cv

IEEE GLOBALSPEC,

> *Defendant-Appellee*.

_____

For Plaintiff-Appellant:            ABRAHAM MICHELEN, *pro se*, Troy, NY.

For Defendant-Appellee:         STEPHEN J. JONES, Nixon Peabody LLP, Rochester, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *Judge*; Baxter, *Magistrate Judge*) entered on August 6, 2021.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

After his employment was terminated, appellant Abraham Michelen sued IEEE GlobalSpec, his former employer, alleging age discrimination under the Age Discrimination in Employment Act (AEDA), 29 U.S.C. § 621 *et seq*. Michelen, proceeding *pro se*, appeals the district court's judgment granting IEEE's motion to dismiss based on the parties' settlement agreement. We assume the parties' familiarity with the case.

We "review a district court's factual conclusions related to a settlement agreement, such as whether an agreement exists or whether a party assented to the agreement, under the clearly erroneous standard of review," while reviewing legal conclusions *de novo*. *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 443 (2d Cir. 2005). "[A] settlement agreement is a contract that is interpreted according to general principles of contract law. Once entered into, the contract is binding and conclusive." *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007) (internal citation omitted). "Parties may enter into a binding contract orally, and the intention to commit an agreement to writing, standing alone, will not prevent contract formation." *Id.* at 129. "The settlement remains binding even if a party has a change of heart between the time he agreed to the settlement and the time those terms are reduced to writing." *Id.* "[T]he mere fact that the parties contemplate memorializing their agreement in a formal document does not prevent their informal

2

agreement from taking effect prior to that event." *V'Soske v. Barwick*, 404 F.2d 495, 499 (2d Cir. 1968).

Rather than contending that the agreement was never made in the first place, Michelen argues that (1) evidence he acquired post-settlement should enable him to renege on the agreement; and (2) provisions of the draft written settlement agreement, which was sent to him after the settlement conference, should allow him to revoke the oral agreement entered into at that conference.

To his first argument regarding his post-settlement evidence, Michelen contends that he has discovered malice and fraud, which provides sufficient cause to invalidate a stipulation made during litigation under New York law. But Michelen's allegations of malice and fraud, raised for the first time on appeal, seem to go to the underlying merits of his case for age discrimination, rather than how the settlement agreement was reached, and not at all to any stipulations made in the course of litigation. Michelen makes no argument that the process of reaching the settlement agreement was fraudulent or malicious. *Cf. Rivera v. State*, 496 N.Y.S.2d 230, 230 (1st Dep't 1985) (reinstating settlement agreement made during litigation where the record indicated "no fraud, overreaching, mutual mistake or any other good cause" to set aside the settlement under New York law). Furthermore, though Michelen is proceeding *pro se* at this stage of the litigation, he was represented by counsel at the settlement conference, assuring further procedural protection. *See id.*

To the extent that Michelen's argument is that he was unaware of some of the factual details of his case that, had he known, would have caused him to decline to settle, we have observed that a party who made a "deliberate, strategic choice to settle . . . cannot be relieved of such a choice

3

merely because [his] assessment of the consequences was incorrect." *United States v. Bank of N.Y.*, 14 F.3d 756, 759 (2d Cir. 1994). Michelen's decision to settle before the commencement of discovery came with the benefit of ensuring he would receive money and closure, but it also came with the downside that he could no longer obtain information in discovery that might have substantiated his claim and provided him an opportunity for a significant damages award.

Turning to Michelen's second argument, he contends that the provisions of the draft settlement agreement, Articles 25 and 26, allowed him 21 days to decline to enter into the agreement, and seven days to revoke the agreement once he had signed it. A threshold issue for Michelen is that the *written* version of the settlement agreement was never signed by the parties and is therefore unenforceable. Under New York law, though an unsigned contract "may be enforceable," there must be "objective evidence establishing that the parties intended to be bound." *10 Ellicott Square Ct. Corp. v. Mountain Valley Indem. Co.*, 634 F.3d 112, 124 (2d Cir. 2011). There is no indication in the record that the *oral* settlement agreement ever contemplated provisions such as Article 25 or Article 26. Michelen did not suggest, or provide any objective evidence, in his opposition to IEEE's motion to dismiss or on appeal that he or IEEE intended to be bound by such provisions at the time of the oral settlement agreement.

Finally, the district court also thoroughly examined whether the Older Workers Benefit Protection Act, an amendment to the ADEA, provided an independent ground for Michelen to rescind the settlement agreement and properly concluded that it did not. Our decision in *Powell* explained that 29 U.S.C. § 626(f)(1) "regulates employee waivers and releases under the ADEA" and insures that "an individual may waive his rights only if the waiver is knowing and voluntary." 497 F.3d at 131 (internal quotation marks omitted). Section 626(f)(1)(F)(i) provides a 21-day

4

period to "consider the agreement" and § 626(f)(1)(G) provides a seven-day period to revoke the agreement. Neither provision applies to this case. Instead, § 626(f)(2) is applicable, because it covers "action[s] filed in court . . . alleging age discrimination . . . ." Section 626(f)(2)(A) explicitly excludes the 21-day consideration period and the seven-day revocation period by stating that a settlement waiver is not knowing and voluntary unless, at a minimum, "subparagraphs (A) through (E)" of § 626(f)(1) have been met. It does not cross-reference subparagraphs (F) and (G). Instead, it provides only that an individual be given a "reasonable period of time . . . to consider the settlement agreement." 29 U.S.C. § 626(f)(2)(B); *see also Powell*, 497 F.3d at 132. We determined that the several hours of settlement negotiations in *Powell* were enough time to be "reasonable" under the statute when the plaintiff was represented by counsel and nearly two years had passed between plaintiff's termination and settlement negotiations. *Id.* In light of our holding in *Powell* and given the other reasons discussed above, we conclude that the settlement agreement between Michelen and IEEE was valid and dismissal was appropriate.

Appellee IEEE seeks costs and attorneys' fees for defending this appeal under Fed. R. App. P. 38. IEEE failed, however, to file a separate notice or motion requesting sanctions that would have provided Michelen an opportunity to respond, as required by the text of the rule. Moreover, "[t]he standard for the imposition of such a penalty is where the appeal taken is found to be groundless, without foundation, and without merit, even though appellant did not bring it in bad faith." *In re Drexel Burnham Lambert Grp. Inc.*, 995 F.2d 1138, 1147 (2d Cir. 1993). Here, while Michelen's appeal is ultimately without merit, it is hardly frivolous. He is also *pro se*, a fact we have considered in declining to award fees and sanctions. *See DiGianni v. Stern's*, 26 F.3d 346, 349 (2d Cir. 1994). Accordingly, we will not award costs and attorneys' fees to IEEE.

We have considered all of Michelen's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court